**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

In re:                                          Case #: 09-30754-LMK
                                                Chapter 13
**DAVID WAYNE HECKLER AND**
**ELIZABETH ANN HECKLER,**

        Debtors.

_____

**DAVID WAYNE HECKLER AND**
**ELIZABETH ANN HECKLER,**

        Plaintiffs,

v.                                              Adversary #: 11-3022-WSS

**ENRICO G. GONZALEZ, P.A.,**
**LENDER PROCESSING SERVICES,**
**INC., LPS DEFAULT SOLUTIONS,**
**INC.,**

        Defendants.

_____

<u>**DEFENDANT, ENRICO G. GONZALEZ, P.A.'S MOTION**</u>
<u>**TO DISMISS AMENDED COMPLAINT**</u>

        Defendant, Enrico G. Gonzalez, P.A. ("Gonzalez") (Gonzalez and its principal,

Enrico G. Gonzalez, assume for purposes of this motion that the agreed motion which was

filed on June 21, 2011, to substitute Gonzalez for Mr. Gonzalez will be granted),  hereby

moves to dismiss the Plaintiffs' "Amended Complaint" pursuant to Fed. R. Bankr. P.

7012(b), and Fed. R. Civ. P. 12(b)(1) and (6), and says:

1.      Gonzalez is a law firm which practices in this Court and represented a creditor, Beneficial Florida, Inc. ("Beneficial"), in the underlying Chapter 13 Bankruptcy Proceeding.  Gonzalez sought post-confirmation relief from the automatic stay upon the failure of the Debtors (the "Hecklers") to fulfill the obligations imposed upon them by this Court's Order Denying Beneficial Florida, Inc., Motion for Relief from Stay and Granting Adequate Protection (Doc. 71) (the "Adequate Protection Order").  After the Hecklers' default under that Order,[1] Gonzalez, on behalf of its client, Beneficial, moved again for a final order granting relief from the automatic stay (Doc. 91), and that relief was granted on July 21, 2010 (Doc. 93).

2.      The Adequate Protection Order required that the Hecklers pay certain sums directly to the creditor, Beneficial, including "attorney fees and cost in the amount of $700.00." (Doc. 71, at ¶ 2.).  The arrearages, fees and costs at issue were all post-confirmation of the Debtor's First Amended Chapter 13 Plan.  The Adequate Protection Order did not direct any payments from the Hecklers to Gonzalez.

3.      The initial Motion for Relief from the Automatic Stay (Doc. 62), noted that the amount of the debt owed to the Creditor was $165,362.56 on principal only, and that the value of the property securing Creditor's secured claim was $114,619.00.  In other words, the Creditor represented by Gonzalez was under-secured by more than $50,000, or about 44%.  See 11 U.S.C. § 362(d)(2)(A).

---

[1] It is unclear from the allegations of the Amended Complaint whether the Hecklers even paid the $700 attorneys' fee to Beneficial.  Paragraph 83 alleges that "the creditor brought a motion for relief from stay and was awarded attorneys' fees of $_____." [sic].  Paragraph 84 alleges that "LPS Default received a portion of these fees."  Nowhere in the Amended Complaint is it alleged that the Hecklers paid the fees awarded by the Court.

4.      After reading beyond the "sound and fury" of the 159 *introductory*

paragraphs and 38 pages of the Amended Complaint (excluding 59 sub-paragraphs just

through those 159 initial paragraphs),[2] and its needless hyperbole and bombast,[3] the

essential alleged facts underlying all causes of action are as follows:

a.      Gonzalez represented a Creditor, as indicated above, in the

Hecklers' Chapter 13 proceeding.

b.      Post-confirmation, Gonzalez filed a motion for relief from the

automatic stay, which was initially conditionally denied, but resulted

in an Adequate Protection Order which required that the Hecklers

cure the arrearages in their obligation to Beneficial, plus an

additional $700 in attorneys' fees and costs incurred by Beneficial.

c.      Gonzalez obtained relief from the automatic stay after the

Hecklers' default under the Adequate Protection Order in failing to

make the very first payment called for thereunder.

d.      Gonzalez was paid a fee (including costs) of $700 by its client,

Beneficial.

e.      Beneficial required Gonzalez to use certain software products and

administrative services provided by LPS Default Solutions, Inc.,

and/or Lender Processing Services, Inc. (collectively the "LPS

Defendants").

---

[2] The Amended Complaint totals 58 pages (excluding several hundred pages of exhibits), and 231 paragraphs (excluding sub-paragraphs).

[3] See Fed. R. Civ. P. 8(a).  The Amended Complaint is neither a "short" nor a "plain" statement of the claim.

      f.       Gonzalez paid one or both of the LPS Defendants a fee for the use of such products and services.

5.      From these basic and ultimately innocuous facts, the Hecklers have asserted the following causes of action against Gonzalez:

      a.       "Abuse of the Bankruptcy Process" (Paragraphs 160 – 162) ("Count 1");

      b.       "Fraud on the Court" (Paragraphs 163 – 165) ("Count 2");

      c.       "Declaratory and Injunctive Relief" (Paragraphs 166 – 172) ("Count 3");

      d.       "Violation of the Automatic Stay" (Paragraphs 173 – 180) ("Count 4");

      e.       "Contempt of the Bankruptcy Code" (Paragraphs 181 – 193, plus an additional 12 sub-paragraphs) ("Count 5");

      f.       "Contempt of the Federal Rules of Bankruptcy Procedure" (Paragraphs 194 – 208) ("Count 6");

      g.       "Breach of the Uniform Mortgage Covenants" (Paragraphs 209 – 213) ("Count 7");

      h.       "Unauthorized Practice of Law" (Paragraphs 214 – 220) ("Count 8");

      i.       "Civil Conspiracy" (Paragraphs 221 – 225) ("Count 9"); and

      j.       "Violation of 18 U.S.C. § 155 Proscription Against Fixing Attorneys' Fees in a Bankruptcy Proceeding" (Paragraphs 226 – 231) ("Count 10").

6.      Counts 1, 2, 3, 5 and 6 all seek to assert a civil cause of action for damages premised upon the "inherent power" of the Bankruptcy Court under § 105 of the Bankruptcy Code (Title 11, U.S.C.).

7.      All of the claims are ultimately based upon the allegations that the fee alleged to have been paid to LPS for its administrative support services and software use is an "illegal fee-splitting" arrangement of the fees paid by Gonzalez's client to Gonzalez and the "unlicensed practice of law" by the LPS Defendants.

8.      However, it is apparent from even a nominally objective view of the allegations of the Amended Complaint regarding such "arrangement" that it is nothing more than an arrangement any law firm might have with a third party vendor for copying, equipment rental, computer support, computer research, or similar arrangements where a service is rendered to the attorney in exchange for a fee, which is necessarily paid out of the "fee" income paid to the attorney by clients.

## Bases for Dismissal

### 1. Lack of Subject Matter Jurisdiction

9.      This Court lacks subject matter jurisdiction to award damages, even assuming the veracity of the Hecklers' claims, as the Court's jurisdiction is limited to ordering disgorgement of any improper fee within the bankruptcy proceeding in which they were awarded – that is, the Hecklers' underlying Chapter 13 proceeding.

10.     The absence of subject matter jurisdiction would extend to all putative class members as each class member would be required to seek such disgorgement within their own individual bankruptcy proceedings, which utterly precludes the possibility of class treatment.

11.     Accordingly, the Amended Complaint should be dismissed in its entirety with prejudice for lack of subject matter jurisdiction.

### 2.   Failure To State A Claim Upon Which Relief Can Be Granted

12.     Each cause of action asserted by the Hecklers fails under the established criteria of Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b).

13.     First, there is nothing illegal or improper about the LPS Defendants receiving a fee for the services they provide to Gonzalez, just as it is not improper for an attorney to pay other third parties for services rendered to the attorney out of the fee income received by the attorney, such as real or personal property rent, consulting or accounting services, computer research services, computer support services, or even courier services.

14.     All of the causes of action which cite as their basis § 105 of the Bankruptcy Code, Counts 1, 2, 3, 5, and 6 all fail to state a cause of action, because § 105 does not support a private right of action.

15.     Count 1 additionally fails to state a cause of action because no plausible improper purpose for Beneficial's stay relief proceedings is alleged, and the Hecklers admit their post-confirmation failure to make payments under Beneficial's mortgage.

16.     Count 2 fails to state a cause of action because an action for damages is not a recognized remedy for "fraud on the court" and the alleged actions forming the basis for the claim cannot state a cause of action for "fraud on the court," and there is no remedy other than seeking relief from judgment under Fed. R. Civ. P. 60(b) (Bankr. R. P. 9024).

17.     Count 3 fails to state a cause of action for declaratory and injunctive relief because there exist adequate remedies at law, and there is no claim of a real and immediate threat of future harm.

18.     Count 4 fails to state a cause of action for violation of the automatic stay because no "estate" funds were ever paid to Gonzalez, and the funds which would have been used to make adequate protection payments, had they been made, would not have been property of the estate.

19.     Counts 5 and 6 fail to state causes of action for "contempt" of the "Bankruptcy Code" or the "Federal Rules of Bankruptcy Procedure" because the allegations do not fall within the permissible categories for contempt by a Federal Court under 18 U.S.C. § 401, and no private cause of action can be asserted against Gonzalez under Rule 2016(a) because no property of the estate was paid to Gonzalez, and Gonzalez is not an "estate professional."

20.     Count 7 fails to state a cause of action for breach of contract (the "Uniform Mortgage Covenants") because Gonzalez was not a party to the "contract" between the Hecklers and Beneficial.

21.     Count 8 fails to state a cause of action for the unauthorized practice of law because there is no recognized independent cause of action for the unauthorized practice of law, and no claim under any theory will lie for the unauthorized practice of law without prior recognition by the Florida Supreme Court that the acts complained of constitute the unauthorized practice of law.

22.     Count 9 fails to state a cause of action for civil conspiracy because of the invalidity of the underlying claims which would support the conspiracy claim.

23.     Count 10 fails to state a cause of action for any violation of 18 U.S.C. § 155 because the funds at issue were not property of the estate, and the statute is a criminal statute which does not support a private cause of action.

24.     Generally, the Amended Complaint fails to state any cause of action for any claim based upon § 504 of the Bankruptcy Code because § 504 only applies to compensation or reimbursement under §§ 503(b)(2) or (503(b)(4), neither of which apply to fees paid to Gonzalez by Beneficial, its client, and the funds from which any payment would have been made were not property of the estate.

25.     Having established the illegitimacy of the causes of action which the Hecklers seek to assert in this action, the Amended Complaint should be dismissed with prejudice.

WHEREFORE, Gonzalez respectfully requests that this Court dismiss the Amended Complaint with prejudice, in its entirety, and grant such other and further relief as this Court would deem appropriate.

## CERTIFICATE OF COUNSEL CONFERENCE

Pursuant to N.D. Fla. Loc. Rule 7.1(B), N.D. Fla. LBR 1001-1(D), and 7007-1(A), the undersigned hereby certifies that he has attempted to confer with counsel for Plaintiffs, Peter Mougey, who has not yet responded to the undersigned's communication.  The undersigned sent an e-mail to Plaintiffs' lead counsel at approximately 11:06 a.m., on Friday, June 24, 2011, explaining generally the grounds for the motion.  Accordingly, and as set forth in the communication to Mr. Mougey, it is therefore assumed that Plaintiffs' counsel does not consent to the relief requested in the motion.

**Amount of hearing time requested:**  The undersigned hereby requests two (2) hours for a hearing on this motion.

Respectfully submitted,

/s/ Bruce D. Partington
BRUCE D. PARTINGTON
Florida Bar Number: 871508
Clark, Partington, Hart, Larry, Bond & Stackhouse
P.O. Box 13010 (32591-3010)
125 West Romana Street, Suite 800
Pensacola, FL 32502
Phone: (850) 434-9200
Fax: (850) 432-7340
BPartington@cphlaw.com
Attorneys for Enrico G. Gonzalez, Esq.,
and Enrico G. Gonzalez, P.A.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to Martin S. Lewis, Lewis & Jurnovoy, 1100 N. Palafox Street, Pensacola, FL 32501, and Peter J. Mougey, Levin Papantonio, 316 S. Baylen St., Suite 600, Pensacola, FL 32502-5996, via the Court's transmission of the Notice of Electronic Filing this 27th day of June, 2011.

/s/ Bruce D. Partington
BRUCE D. PARTINGTON